BAILEY, Judge,
concurring in result.
I concur with the result of the majority; however, given Russell’s waiver of a Fourth Amendment challenge to the stop leading to his arrest, I write separately because I do not think that this Court should address the merits of that issue.
Failure to provide separate analysis of Indiana and United States constitutional claims under Article 1, Section 11 and the Fourth Amendment, respectively, results in waiver. Francis v. State, 764 N.E.2d 641, 647 (Ind.Ct.App.2002). This is because, though similar in wording, we interpret and apply the two provisions independently from one another. Id. at 646-47. Thus, in Francis, we held as waived an Indiana constitutional challenge to an investigatory stop where the defendant argued that “the Indiana Constitution’s ‘protections relating to investigative stops [are] consistent with federal Fourth Amendment constitutional analysis.’ ” Id. at 646 (citations omitted).
Here, Russell’s brief mentions the applicability of the Fourth Amendment to the United States Constitution, but it provides no separate analysis. And while his brief mentions the Fourth Amendment and cites cases that discuss the Fourth Amendment, he does not recognize the distinctions in analysis between Fourth Amendment claims and claims under Article I, Section *1182 11 of the Indiana Constitution. His arguments offer analysis only on the latter of these, addressing most directly the Indiana constitutional analysis set out in State v. Renzulli, 958 N.E.2d 1143 (Ind.2011).
The majority rightly concludes that Russell has waived any argument under the Fourth Amendment to the U.S. Constitution, but then performs that analysis itself, waiver notwithstanding.
Under these circumstances, I would conclude that Russell’s Fourth Amendment contention is waived without moving on to address the issue further. This is particularly so because, in the final analysis, Russell’s argument boils down to a request for us to reweigh the evidence leading to the trial court’s conclusion that the police had reasonable suspicion to stop him. Thus, neither Russell’s Federal nor Indiana constitutional analysis would prevail, and this obviates the need to discuss the merits of an unargued constitutional issue.
I therefore respectfully concur in result with this separate opinion.